UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARK F. HINKLEY,

Plaintiff,

v.     4:10-cv-126

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is Mark Hinkley's ("Hinkley") Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1). ECF No. 28. Hinkley's attorneys seek court approval of an award of fees totaling $25,836.86, to be paid from the grant of retroactive benefits to Hinkley. ECF No. 29 at 3. Although well within the statutory limit for attorney's fees, the Court finds such an award unreasonable under the circumstances. The Court *AWARDS* $11,725 for the following reasons.

### II. BACKGROUND

Hinkley filed a claim for Social Security Disability Benefits on March 16, 2004 alleging that he suffered from post-traumatic stress disorder and bi-polar disorder and has been "unable to engage in any employment" since March 1, 2003. ECF No. 1 at 2. The Commissioner denied the claim and the Appeals Council affirmed. *Id.* Hinkley appealed to this Court, which remanded to the Commissioner for further proceedings. *Id.*; ECF Nos. 21; 22. As a prevailing party, Hinkley then petitioned this Court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 23. The Court granted EAJA fees in the amount of $5,736.86. ECF No. 26.

On remand, the Commissioner approved Hinkley's claim and awarded retroactive benefits totaling $169,006.80.[1] *See* ECF Nos. 32 at 2; 28-2 at 6. Hinkley's attorney then filed the instant motion for fees pursuant to 42 U.S.C. § 406(b)(1), requesting $25,836.86 for 33.5 hours of work despite a fee agreement allowing him to request up to 25% of past due benefits. ECF Nos. 29 at 3; 24-3. Hinkley's attorney avers that he will refund the previous EAJA award to Hinkley as required by law should the Court award fees under § 406(b)(1). *Id.*; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that "[f]ee awards may be made under both [the EAJA and § 406(b)(1)], but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and alterations omitted).

### III. ANALYSIS

Pursuant to . . . § 406(b), the Court may award a successful claimant's counsel attorney's fees for work[] performed before the Court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant. These fees are awarded from the past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner.

---

[1] Hinkley's Notice of Award, ECF No. 28-2, does not explicitly state the award amount. It does, however, state that the Commissioner withheld 25% of the award, or $42,251.70, in order to pay Hinkley's attorneys. *Id.* at 8. The Court multiplied that amount by four to arrive at $169,006.80.

*Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002); *see* 42 U.S.C. § 406(b)(1).

"However, [a] fee pursuant to a contingency contract is not per se reasonable." *Id.* (internal quotations omitted). Although § 406(b) does not displace contingency fee agreements between claimants and their counsel, courts must always "independently assess the reasonableness of [a contingency agreement's] terms." *Gisbrecht*, 535 U.S. at 808 (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). And "[t]he best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Coppett*, 242 F. Supp. 2d at 1383 (internal quotations omitted).

Unreasonable fees, by contrast, often are marked by fraud or overreaching; unreasonable delay by the attorney in order to increase the retroactive benefits due the claimant; or fees so large as to produce a windfall for the attorney. *Id.* Benefits "large in comparison to the amount of time counsel spent on the case" also suggest "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. Regardless, it is the claimant's attorney who "bears the burden of persua[ding]" a court of the fee's reasonableness. *Id.* at 807 n.17.

At the outset, the Court notes that the fees Hinkley's attorneys request fall well within the 25% limit imposed by § 406(b). *Compare* ECF No. 29 at 3 (requesting a fee of $25,836.86[2]), *with* ECF No. 28-2 at 8 (stating 25% of past due benefits to be $42,251.70). Hinkley's fee agreement with his attorneys also conforms to that limit. *See* ECF No. 24-3 (stating that any § 406(b) fees awarded will not exceed 25% of back due benefits). Finally, the fee agreement does not appear to be the product of overreaching, delay, or fraud.

The Commissioner suggests the requested fee is unreasonable because of its size in relation to the time spent before the district court. *See* ECF No. 32 at 3. He points the Court to *Thomas v. Astrue*, No. 5:06-cv-6, 2010 WL 339787 (M.D. Ga. Jan 21, 2010), as an example of a an hourly rate that constitutes an unreasonable windfall. In *Thomas*, the claimant's attorney sought $10,625.84 for 17.4 hours of work before the district court. *Id.* at *3. That $610 per hour rate constituted a windfall, the court said, in large part because the attorney "spent little time on the case in comparison to the amount of past-due benefits obtained by a different attorney." *Id.* Ultimately the court reduced the effective hourly rate to $500 and awarded $8700. *Id.*

Unlike the attorneys in *Thomas*, Hinkley's attorneys have represented him for many years, through several administrative proceedings, and before this Court. *See* ECF Nos. 32; 15 at 1. They are the attorneys responsible for obtaining his award and they are the attorneys who waded through the more than 1000 pages of medical records in

---

[2] Hinkley's attorneys incorrectly calculate the net fee award requested as $20,100 by subtracting the EAJA fee award of $5,736.86 from the $25,836.86 § 406(b) award requested. *See* ECF No. 29 at 3. As the Commissioner correctly notes, Hinkley's attorneys have already received the EAJA award of $5,736.86. ECF No. 32 at 3. If the Court awards $25,836.86 under § 406(b), Hinkley's attorneys will have a total of $31,573.72. After the required refund of the EAJA award to Hinkley, the attorneys therefore net $25,836.86, not $20,100. *Id.* Nevertheless, whether $20,100 or $25,836.86, the net award falls well within 25% of the total past due benefits awarded Hinkley.

presenting Hinkley's case at the administrative level. *See, e.g.*, ECF Nos. 8 to 8-18.

But work on the front of end of this case, before the Commissioner, cannot be rewarded with a § 406(b) fee. Such an award is to compensate for work done before *this* Court, not during the administrative process.[3] *See* 42 U.S.C. §406(b)(1)(A) ("Whenever a *court* renders a judgment favorable to a claimant . . . who was represented before *the court* by an attorney, *the court* may determine and allow . . . a reasonable fee for such representation . . . .") (emphasis added). And before this Court, Hinkley's attorneys have performed 33.5 hours of relatively straightforward work—drafting a boilerplate complaint, a merits brief, and two extremely short attorney's fees briefs—given their extensive involvement in this case since its inception. *See* ECF No. 24-2.

Particularly when compared to the benefits obtained, the time Hinkley's attorneys spent on work before this Court cannot justify the award requested. *See Gisbrecht*, 535 U.S. at 808. In *Thomas*, for example, where the court reduced the award requested, the money recovered for every hour the attorney worked came to $3,661 per hour. *See* 2010 WL 339787. In *Kennedy v. Astrue*, where this Court granted the requested award, the same ratio came to $1373 recovered per hour worked. No. 4:06-cv-147, 2009 WL 2555912 (S.D. Ga. Aug. 18, 2009). Here, by contrast, the ratio amounts to $5,045 recovered per hour worked. Although not dispositive of the requested award's reasonableness, this disparity strongly suggests the impropriety of granting the full amount requested. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits [recovered] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.").

Hinkley's attorneys did attempt to justify their request for $25,836.86. *See id.* at 807 n.17. They note that (1) "there is no suggestion of fraud or overreaching[;]" (2) "[c]ounsel did not delay this matter and achieved success in reversing the Commissioner's decision[;]" and (3) that the requested award is less than 25% of the past-due benefits awarded Hinkley. ECF No. 29 at 3.

These factors—with the exception of the award request coming in under 25%, which merely makes the request statutorily eligible for consideration—all, at a minimum, demonstrate that Hinkley's attorneys conducted themselves as exemplary advocates for their client. The Court cannot dispute that. And it cannot reduce the award based on the nonexistence of these factors.

But Hinkley's attorneys never addressed the amount of time spent on work before this Court as compared to the benefits recovered. *Id.* at 3-4. Because of that, they failed to sufficiently justify why 33.5 hours spent drafting a two page complaint, a thirty-three page merits brief, a three page EAJA fees brief, and a two page § 406(b) fees brief—all based in large part on leg work performed before the Commissioner—warrant what amounts to $771 per hour. Simply not engaging in fraud or delay, and being good attorneys is not alone enough.

---

[3] Hinkley's attorneys, as they note in the proposed order accompanying the instant motion, may separately request fees under § 406(a) for administrative work done on this case. *See* ECF No. 28-1. The efforts that led to efficient and competent work before this Court need not go uncompensated. But as noted above, an award under § 406(b) is not the proper vehicle for such compensation.

3

Accordingly, the Court **DENIES** Hinkley's attorneys' request for $25,836.86. Instead, the Court will **GRANT** a §406(b) award of $11,725. That amounts to $350 per hour, a rate commensurate with the high quality of service provided, but not so exorbitant as to unreasonably deprive Hinkley of a portion of his benefits award. This award fully accounts for the lack of fraud and delay, the experience of Hinkley's attorneys, and the undeniable success they had in achieving a benefit award for Hinkley. It also, however, properly accounts for the fact that most of the effort and time spent on this case came before the Commissioner, not this Court.

## IV. CONCLUSION

The Court **GRANTS IN PART** Hinkley's motion for attorney's fees and **AWARDS** $11,725 to the Law Offices of Harry J. Binder and Charles E. Binder, P.C. Counsel is **ORDERED** to refund the EAJA fee of $5,736.86 to Mr. Hinkley.

This 30 day of January 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA